# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| TANGELO LEWUAN LOCKWOOD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | NO. 2:05-CV-293 |
| ) | |
| JOHN DOE GIVEN, et al., ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

This matter is before the Court *sua sponte*. For the reasons set forth below, the Court: **GRANTS** Plaintiff leave to proceed against Officer Givens for monetary damages on his Fourth Amendment and Fourteenth Amendment claims; **DISMISSES** all other claims **WITH PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. section 1915A (this includes dismissal of Defendant Campbell); **DIRECTS** the Clerk to transmit the summons and USM-285's for Officer Givens to the United States Marshal Service along with a copy of this order and a copy of the complaint; **DIRECTS** the United States Marshals Service, pursuant to 28 U.S.C. section 1915(d), to effect service of process upon Officer Givens; and **ORDERS,** pursuant to 42 U.S.C. section 1997e(g)(2), that Officer Givens respond, as provided for in the Federal Rules of Civil Procedure and Northern District of Indiana Local Rule 10.1, only to the claims for which Plaintiff has been granted leave to proceed

in this screening order.

BACKGROUND

Tangelo Lewuan Lockwood, a pro se petitioner, submitted a complaint under 42 U.S.C. section 1983. Lockwood alleges on August 7, 2003, Officer Givens, a detective with the Gary Indiana Police Department, used excessive force while arresting him by shooting Lockwood in the shoulder when Lockwood was lying face down on his stomach and not struggling. Lockwood also alleges that Givens and Defendant, John Doe Campbell, a detective with the Gary Indiana Police Department, conspired with each other to hide their acts of excessive force by lying and stating that Lockwood was struggling with them when shot, and that Lockwood was standing when he was shot. Lockwood claims that Defendants violated his Eighth and Fourteenth Amendment rights when they used excessive force.

DISCUSSION

Pursuant to 28 U.S.C. section 1915A, the Court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, does not state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, which does not state a claim upon which relief can be granted. The Court

-2-

applies the same standard under section 1915A as when addressing a motion under Rule 12(b)(6).  *Weiss v. Cooley*, 230 F.3d 1027, 1029 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers.  Accordingly, pro se complaints are liberally construed.
>
> In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements:  First, the plaintiff must allege that some person has deprived him of a federal right.  Second, he must allege that the person who has deprived him of the right acted under color of state law.  These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2).  In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Excessive Force - Fourth Amendment Claim

Although Plaintiff does not specifically mention the Fourth Amendment in his complaint, he does allege that Officer Givens used excessive force when Lockwood was shot during the pursuit, in the context of an arrest.  Construing the complaint liberally, as this Court must, it appears that Lockwood has attempted to invoke the

protections of the Fourth Amendment, which guarantees citizens the right "to be secure in their persons . . . against unreasonable . . . seizures" of the person.  U.S. CONST. amend. IV.  In other words, the Fourth Amendment prohibits the governmental seizure of a person unless that seizure is reasonable.

"[T]he right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it." *Graham v. Connor,* 490 U.S. 386, 396 (1989). "The test of reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application," *Bell v. Wolfish*, 441 U.S. 520, 559 (1979), the question is "whether the totality of the circumstances" justifies the officers' actions. *Graham*, 490 U.S. at 396 (quotation omitted).  The "reasonableness" of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the perfect vision of hindsight. "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers," violates the Fourth Amendment. *Id.* (quotation and citation omitted). The question in Fourth Amendment excessive use of force cases is "whether the officers' actions are objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Graham,* 490 U.S. at 397 (quotation and citation omitted).

Lockwood alleges that the use of force in his case was

unnecessary and excessive. Giving Lockwood the benefit of the inferences to which he is entitled at this pleading stage, the Court finds that he has stated a claim against Officer Givens for violation of his Fourth Amendment right to be free from an unreasonable search and seizure.

Fourteenth Amendment Claim

The Fourteenth Amendment provides that no person shall be deprived "of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV. Convictions based on evidence obtained by methods that are so brutal and offensive to human dignity that it "shocks the conscience" violate the Due Process Clause. *County of Sacramento v. Lewis*, 523 U.S. 833, 846-47 (1998). "Because the due process clause was not meant to serve as a font of tort law to be superimposed upon whatever systems may already be administered by the States, only those governmental actions which involve substantial culpability are actionable under the Fourteenth Amendment." *Bublitz v. Cottey*, 327 F.3d 485, 490 (7th Cir. 2003) (quotation and citation omitted).

At this early stage in the proceedings, the Court cannot say that it appears beyond doubt that Plaintiff can prove no set of facts in support of his claim that Officer Givens violated his Fourteenth Amendment's guarantee of substantive due process. Therefore, the Court finds that Lockwood has stated a claim for violation of his

Fourteenth Amendment's right to substantive due process.

Eighth Amendment Claim

The Eighth Amendment, which applies to the States through the due process clause of the Fourteenth Amendment, prohibits the infliction of cruel and unusual punishments on those convicted of crimes. *Wilson v. Seiter*, 501 U.S. 294, 296-97 (1991). Because the conduct Lockwood complains about occurred prior to any conviction, he has not stated a proper claim under the Eighth Amendment.

Conspiracy

Lockwood alleges that Officer Givens conspired with Officer Campbell to lie about the circumstances of the shooting. A civil conspiracy requires an agreement between two or more persons to inflict an injury on another. *Amundsen v. Chicago Park Dist.*, 218 F.3d 712, 718 (7th Cir. 2000). To state a conspiracy claim under section 1983, a plaintiff must show (1) "an express or implied agreement among defendants to deprive plaintiff of his or her constitutional rights," and (2) "actual deprivations of those rights in the form of overt acts in furtherance of the agreement." *Neff v. Hmurovich*, 261 F. Supp. 2d 1026, 1045 (S.D. Ind. 2003) (quoting *Scherer v. Balkema*, 840 F.2d 437, 441 (7th Cir. 1988)).

In this case, Lockwood fails to allege that the fabrication about

the circumstances behind the shooting actually deprived him of any right guaranteed by the Constitution.  In other words, the alleged coverup does not violate a Constitutional right (as opposed to the alleged use of excessive force which does state a claim for a Constitutional violation).  As such, the conspiracy claim is dismissed.  This is the only count alleged against Officer Campbell (because Lockwood specifically alleges that only Officer Givens shot him), thus, Officer Campbell is also dismissed from the case.

CONCLUSION

For the reasons set forth above, the Court:  **GRANTS** Plaintiff leave to proceed against Officer Givens for monetary damages on his Fourth Amendment and Fourteenth Amendment claims; **DISMISSES** all other claims **WITH PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. section 1915A (this includes dismissal of Defendant Campbell); **DIRECTS** the Clerk to transmit the summons and USM-285's for Officer Givens to the United States Marshal Service along with a copy of this order and a copy of the complaint; **DIRECTS** the United States Marshal Service, pursuant to 28 U.S.C. section 1915(d), to effect service of process upon Officer Givens; and **ORDERS**, pursuant to 42 U.S.C. section 1997e(g)(2), that Officer Givens respond, as provided for in the Federal Rules of Civil Procedure and Northern District of Indiana

Local Rule 10.1, only to the claims for which Plaintiff has been granted leave to proceed in this screening order.

**DATED:  December 20, 2005**          /s/RUDY LOZANO, Judge
                                       **United States District Court**