```
                IN THE UNITED STATES DISTRICT COURT
                FOR THE NORTHERN DISTRICT OF INDIANA
                           HAMMOND DIVISION


TANGELO LEWUAN LOCKWOOD,            )
                                    )
Plaintiff,                          )
                                    )
vs.                                 )    NO. 2:05-CV-293
                                    )
IRVING GIVENS, detective of         )
Gary, Indiana Police Dept.,         )
in his individual and official      )
capacity,                           )
                                    )
Defendant.                          )
```

## OPINION AND ORDER

This matter is before the Court on 1) the Motion to Dismiss filed by Defendant, Irving Givens, on February 15, 2006; and 2) Lockwood's request for discovery and appointment of a medical expert prior to ruling on the motion to dismiss, contained in Plaintiff's Response to Reply to Plaintiff's Opposition to Motion to Dismiss, filed on April 20, 2006.  For the reasons set forth below, the Motion to Dismiss is **GRANTED IN PART AND DENIED IN PART**, and Lockwood's request for discovery and appointment of a medical expert prior to ruling on the motion to dismiss is **DENIED AS MOOT**.  Defendant is **ORDERED** to answer Plaintiff's complaint, to the extent it has not been dismissed, within 20 days of this order.

BACKGROUND

On August 4, 2005, this Court received a pro se complaint and application for in forma pauperis status from Plaintiff, Tangelo Lewuan Lockwood ("Lockwood"), naming John Doe Givens ("Givens") and John Doe Campbell ("Campbell"), in both their individual and official capacities as detectives with the Indiana Police Department, as Defendants.  In forma pauperis status was granted, and the complaint was filed on October 6, 2005.

The allegations of the complaint stem from Lockwood's arrest on August 7, 2003.  Lockwood alleges, among other things, that Officer Givens, a detective with the Gary Indiana Police Department, used excessive force while arresting him by shooting Lockwood in the shoulder when Lockwood was laying face down on his stomach and not struggling.

This Court's subsequent order screening Plaintiff's complaint pursuant to 28 U.S.C. section 1915A dismissed all claims except Plaintiff's claims against Officer Givens for monetary damages on his Fourth Amendment and Fourteenth Amendment claims.  This Court noted that Lockwood did not specifically mention the Fourth Amendment, but alleged the use of excessive force.  Thus, because the complaint must be liberally construed in the favor of the Plaintiff, the Court found Lockwood had evoked the protections of the Fourth Amendment and that Lockwood had stated a claim against Officer Givens for violation of his Fourth Amendment right to be free from an unreasonable search and

seizure.  Likewise, the Court permitted Lockwood to proceed on his claim for violation of his Fourteenth Amendment's right to substantive due process.

The instant motion seeks to dismiss these remaining claims.

DISCUSSION

The purpose of a motion to dismiss is to test the legal sufficiency of the complaint, not to decide the merits.  *Triad Assocs., Inc. v. Chicago Housing Auth.*, 892 F.2d 583, 586 (7th Cir. 1989).  In determining the propriety of dismissal under Federal Rule of Civil Procedure 12(b)(6), the court must accept all facts alleged in the complaint as true and draw all reasonable inferences in the light most favorable to the plaintiff.  *Johnson v. Rivera*, 272 F.3d 519, 520 (7th Cir. 2001).  A court may dismiss a complaint only if it appears beyond doubt the plaintiff can prove no set of facts that would entitle her to relief.  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  Further, a court must "construe pleadings liberally, and mere vagueness or lack of detail does not constitute sufficient grounds for a motion to dismiss."  *Strauss v. City of Chicago*, 760 F.2d 765, 767 (7th Cir. 1985).  A complaint need not plead law or be tied to one legal theory.  *LaPorte County Republican Cent. Comm. v. Board of Comm'rs of the County of LaPorte*, 43 F.3d 1126, 1129 (7th Cir. 1994) (citing *Bartholet v. Reishauer A.G. (Zurich)*, 953 F.2d 1073, 1078 (7th Cir. 1992)).  A complaint may not be dismissed just because it omits

factual allegations, but it may be dismissed when the plaintiff makes clear that she does not plan to prove an essential element of her case. *Id.*

Federal Rule of Civil Procedure 12(b) provides that,

> [i]f, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Both Defendant and Plaintiff rely upon exhibits outside the pleadings to support their arguments. Defendant recognizes that, when considering a Rule 12(b)(6) motion, the Court should consider only the allegations contained in the pleadings. However, Defendant asserts that documents incorporated by reference or attached to the pleadings may also be considered. While Federal Rule of Civil Procedure 10(c) does provide for this, Lockwood's complaint does not incorporate any documents by reference, and no documents are attached to it.

Defendant further asserts "documents that a defendant attaches to a motion to dismiss are considered a part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." Defendant relies upon *Venture Associates Corp. v. Zenith Data Systems Corp.*, 987 F.2d 429, 431 (7th Cir. 1993), to support this position. There are two problems with Defendant's assertion. First, Defendant did not actually attach any exhibits to his motion to

-4-

dismiss. Although Defendant filed a document titled "Designation of Evidentiary Matters Index" [DE 18] which references Defendant's exhibits one through nine, the record reveals that these documents were not actually filed with the Court. Furthermore, and more importantly, the Plaintiff's complaint makes no reference to these documents. Defendant alleges that Plaintiff's reference in paragraphs 9 and 10 of his complaint, which refers to "claims" made by the Defendant, evidences the existence of an investigatory record, and (presumably) the exhibits listed in the designation of evidence are this record. Such a broad reading is not justified. Absent a specific reference in the complaint to a document, application of the rule set forth in *Venture Associates Corp.* is inappropriate. And, this Court exercises its discretion not to treat the instant motion as a summary judgment motion. *See Ninth Ave. Remedial Group v. Allis-Chalmers, Corp.*, 195 B.R. 716, 721 (Bankr. N.D. Ind. 1996). Thus, the Court has not considered anything other than the complaint itself in ruling on the instant motion.

Fourth Amendment Claim

Lockwood alleges Givens used excessive force to effectuate Lockwood's arrest when Lockwood was shot after he had surrendered and was laying on the floor on his stomach. When the inquiry is limited to the complaint itself, this Court finds that Plaintiff has stated a claim under the Fourth Amendment.

Defendant's motion to dismiss raises the issue of qualified immunity. This Supreme Court, in *Mitchell v. Forsyth*, noted the following:

> Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery. Even if the plaintiff's complaint adequately alleges the commission of acts that violated clearly established law, the defendant is entitled to summary judgment if discovery fails to uncover evidence sufficient to create a genuine issue as to whether the defendant in fact committed those acts.

472 U.S. 511, 526 (1985)(citations omitted).

This Court has already held that Lockwood's complaint states a claim of violation of clearly established law, and Defendant offers nothing that would lead to a contrary conclusion. In the instant motion to dismiss, Defendant relies upon facts outside the pleadings to support his claim that qualified immunity is justified. Defendant's motion even concedes that the complaint alone is insufficient to determine whether the force used in arresting Lockwood was objectively unreasonable or not. Thus, while the issue of qualified immunity should be addressed at the earliest possible time, under the facts of this case the matter cannot be determined on the instant motion to dismiss.

<u>14th Amendment Claim</u>

Lockwood's complaint alleges that Given's use of excessive force

violated the 14th Amendment.  Defendant, however, notes that the Supreme Court, in *Graham v. Connor,* held that such claims cannot be brought under the 14th Amendment's due process clause.  *See* 490 U.S. 386, 395 (1989).  The Court in *Graham* noted that:

> all claims that law enforcement officers have used excessive force - deadly or not - in the course of an arrest, investigatory stop, or other "seizure" of a free citizen should be analyzed under the Fourth Amendment and its "reasonableness" standard, rather than under a "substantive due process" approach.

Because the Fourth Amendment provides an explicit textual source of constitutional protection against this sort of physically intrusive Governmental conduct, that Amendment, not the more generalized notion of "substantive due process," must be the guide for analyzing these claims."

Accordingly, Lockwood's claim under the Fourteenth Amendment is **DISMISSED.**

Relief Sought in Plaintiff's Response to Reply to
Plaintiff's Opposition to Motion to Dismiss.

In a sur-reply filed by Lockwood on April 20, 2006, Lockwood requests this Court appoint him a medical expert and allow discovery to take place prior to ruling on the instant motion.  Because this Court's order is not based on information outside the pleadings, this request is **DENIED AS MOOT.**

CONCLUSION

For the reasons set forth above, the Motion to Dismiss is **GRANTED IN PART AND DENIED IN PART**, and Lockwood's request for discovery and appointment of a medical expert prior to a ruling on the motion to dismiss is **DENIED AS MOOT**. Defendant is **ORDERED** to answer Plaintiff's Complaint, to the extent it has not been dismissed, within 20 days of this order.

**DATED:  April 25, 2006**         /s/RUDY LOZANO, Judge
                                   **United States District Court**