UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| TANGELO LEWUAN LOCKWOOD, | ) |
| Plaintiff | ) ) ) |
| v. | ) Case No. 2:05 cv 293 ) |
| IRVING GIVEN, Gary Police Department, | ) ) ) ) |
| Defendant | ) |

OPINION AND ORDER

This matter is before the court on the Motion to Compel Settlement [DE 63] filed by the plaintiff, Tangelo Lewuan Lockwood, on March 19, 2009.

The parties to this cause of action participated in a settlement conference on December 3, 2008, and an agreement to settle the matter was reached. This agreement called for the sum of $40,000.00 to be paid to the plaintiff, Tangelo Lewuan Lockwood, on or before January 9, 2009, at which time an appropriate dismissal would be filed. The January 9 date was selected because it was the beginning of the fiscal year, and money would be available to pay the plaintiff. However, the defendant, City of Gary, has not paid the settlement amount. Because the agreed upon sum of money was not paid, a dismissal never was filed. Lockwood asks the court by motion to compel the payment of funds agreed upon by the parties to the settlement.

The dismissal of a case hinges on the final resolution of the dispute. ***Goss Graphics Sys., Inc. v. Dev Indus., Inc.***, 267

F.3d 624, 626 (7th Cir. 2001)(the proper time to dismiss is when a dispute "has been definitively and finally resolved, not when it seems likely to be resolved"). Indeed, Judge Richard Posner criticizes the "practice of dismissing suits before they're really over," and instructs:

> It is a potent source of confusion with no redeeming virtues in a case such as this in which the ripening depends on conditions (the signing of all agreements constituting the settlement and the exchange of the consideration required by the agreements) the fulfillment of which may require additional litigation. The judge should have waited before entering any order of dismissal until the various undertakings constituting the settlement were completed. Then the case would be over and dismissal with prejudice appropriate.
>
> *Shapo v. Engle*, 463 F.3d 641, 643 (7th Cir. 2006)

Once a case has been dismissed with prejudice, the court lacks jurisdiction to take any further action to enforce a settlement agreement unless jurisdiction is specifically retained. *Lynch v. Samatamason Inc.*, 279 F.3d 487, 489 (7th Cir. 2002). Unless parties are diverse, any suit to enforce a settlement agreement after a case has been dismissed must be brought in state court. *Lynch*, 279 F.3d at 489. In Indiana, settlement agreements are governed by "general principles" of contract law. *Georgos v. Jackson*, 790 N.E.2d 448, 453 (Ind. 2003).

When a case has not been dismissed, the district court has discretion to decide whether to enforce a settlement agreement. *Collins v. Educ. Therapy Ctr.*, 184 F.3d 617, 620 (7th Cir. 1999).

*See, e.g.,* ***Hakim v. Payco-General Am. Credits, Inc.***, 272 F.3d 932, 936 (7th Cir. 2001)(explaining that the district court, "as supervisor of the litigation, may summarily enforce a settlement agreement").  However, district courts should enforce only settlement agreements that have been completed, that is, agreements without material disputes surrounding the terms or existence of the agreement.  ***Wilson v. Wilson***, 46 F.3d 660, 664 (7th Cir. 1995).

Here, because the agreed settlement amount has not been paid and a dismissal never was filed, the court retains jurisdiction over the cause of action and has the discretion to enforce the agreement.  However, the court was informed at the April 3, 2009, status conference that the City has many debts, all of which await their turn for collection.  Although it was improper for the City to agree to payment on these terms and then not follow through, the court should not prioritize the defendant's debts.

_____

Therefore, the Motion to Compel Settlement [DE 63] filed by the plaintiff, Tangelo Lewuan Lockwood, on March 19, 2009, is **DENIED**.

ENTERED this 10th day of June, 2009

                                  s/ ANDREW P. RODOVICH
                                       United States Magistrate Judge